UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JULIAN DESUE,

        Petitioner,

vs.                             Case No. 3:09-cv-458-J-34TEM

WALTER A. MCNEIL,
et al.,

        Respondents.

_____

## ORDER OF DISMISSAL WITH PREJUDICE[1]

Petitioner Julian DeSue, an inmate of the Florida penal system who is proceeding pro se, initiated this action by filing a Petition for Writ of Habeas Corpus (Petition) (Doc. #1) pursuant to 28 U.S.C. § 2254 on May 19, 2009, pursuant to the mailbox rule.[2] Petitioner challenges a 2004 state court (Clay County, Florida) judgment of conviction for armed robbery and felony fleeing or attempting to elude a law enforcement officer.

---

[1] This is a "written opinion" under § 205(a)(5) of the E-Government Act and therefore is available electronically. However, it has been entered only to decide the matters addressed herein and is not intended for official publication or to serve as precedent.

[2] The Petition (Doc. #1) was filed in this Court on May 21, 2009; however, giving Petitioner the benefit of the mailbox rule, this Court finds that the Petition was filed on the date Petitioner handed it to prison authorities for mailing to this Court (May 19, 2009). See Houston v. Lack, 487 U.S. 266, 275-76 (1988). The Court will also give Petitioner the benefit of the mailbox rule with respect to his pro se inmate state court filings when calculating the one-year limitations period under 28 U.S.C. § 2244(d).

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitations on petitions for writ of habeas corpus.  Specifically, 28 U.S.C. § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Respondents contend that Petitioner has not complied with the one-year period of limitations set forth in 28 U.S.C. § 2244(d). See Respondents' Motion to Dismiss Petition for Writ of Habeas Corpus (Response) (Doc. #6).[3] On June 29, 2009, the Court entered an Order to Show Cause and Notice to Petitioner (Doc. #5), admonishing Petitioner regarding his obligations and giving Petitioner a time frame in which to submit a reply. Petitioner submitted a brief in reply on October 5, 2009. See Petitioner's Reply to Motion to Dismiss Petition for Writ of Habeas Corpus (Reply) (Doc. #7).

The following procedural history is relevant to the one-year limitations issue. On February 9, 2004, Petitioner DeSue was charged in Clay County, Florida, with armed robbery (count one) and felony fleeing or attempting to elude (count two). Resp. Ex. A, Amended Information. After a trial, the jury found Petitioner guilty of robbery (count one, with specific findings that he "carried" a firearm and "actually possessed" a firearm in the commission of the robbery) and felony fleeing or attempting to elude a law enforcement officer (count two). Resp. Ex. B, Verdict. On March 11, 2004, the trial court adjudicated Petitioner guilty and sentenced him, as a prison releasee reoffender, to a term of life imprisonment for count one with a minimum mandatory term of twenty years for the use of a firearm. Resp. Exs. C; D. For count

---

[3] The Court will refer to Respondents' exhibits as "Resp. Ex."

two, the trial court sentenced him to a term of five years of imprisonment, to run concurrently to count one. Id. Petitioner, through counsel, appealed to the First District Court of Appeal on March 26, 2004. Resp. Ex. E.

On October 7, 2004, Petitioner, through counsel, filed a motion to correct illegal sentence pursuant to Fla. R. Crim. P. 3.800(b)(2), claiming that the trial court erred in imposing the minimum mandatory term of twenty years on count one for the "use" of a firearm. Resp. Ex. F. Following an evidentiary proceeding on November 12, 2004, see Resp. Ex. G, the trial court, on November 23, 2004, denied relief in part and, in granting relief in part, vacated the twenty-year minimum mandatory sentence originally imposed and imposed a term of life imprisonment with a ten-year minimum mandatory sentence as to count one and a term of five years of imprisonment, to run concurrently, as to count two, see Resp. Exs. H; I.

On July 25, 2005, the appellate court, in a written opinion, affirmed Petitioner's conviction and sentence. See DeSue v. State, 908 So.2d 1116 (Fla. 1st DCA 2005); Resp. Ex. J. Through counsel, Petitioner DeSue filed a motion for rehearing, clarification, or certification of a question of great public importance to the Supreme Court of Florida, see Resp. Ex. K, and the State filed a motion for rehearing, rehearing en banc, or, alternatively, motion for certification of a question of great public importance to the

Supreme Court of Florida, see Resp. Ex. L.  The appellate court denied the motions on August 25, 2005.  Resp. Ex. M.  Petitioner, through counsel, filed a Notice to Invoke the Discretionary Jurisdiction of the Supreme Court of Florida.  Resp. Ex. N.  The appellate court's mandate on the direct appeal issued on September 12, 2005.  Resp. Ex. O.  Thereafter, the Supreme Court of Florida declined to accept jurisdiction on December 23, 2005.  Resp. Ex. P.

Petitioner's conviction became final on March 23, 2006 (90 days after December 23, 2005).  See Response at 5; Sup. Ct. R. 13.3.  Because Petitioner's conviction was after April 24, 1996, the effective date of the AEDPA, Petitioner had one year from the date his conviction became final to file the federal petition (March 23, 2007).  His Petition, filed on May 19, 2009, is due to be dismissed as untimely unless he can avail himself of one of the statutory provisions which extends or tolls the limitations period.

At the time that Petitioner filed his pro se motion for post conviction relief pursuant to Fla. R. Crim. P. 3.850 (Rule 3.850 motion) on December 21, 2007, the one-year limitations period had already expired.[4]  Resp. Ex. Q.  On January 10, 2008, the trial

---

[4] See Tinker v. Moore, 255 F.3d 1331, 1334-35 (11th Cir. 2001) (holding that, even though Florida law allows a prisoner two years to file a Rule 3.850 motion, the prisoner must actually have a properly filed state court petition or motion pending within the one-year period in order to toll the limitations period), cert. denied, 534 U.S. 1144 (2002); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir.) (per curiam) ("Under § 2244(d)(2), even 'properly filed' state-court petitions must be 'pending' in order to toll the limitations period.  A state-court petition like [Petitioner]'s

5

court denied the motion as untimely, finding "that it was filed more than two years after the Defendant's conviction became final." Resp. Ex. R at 1. Petitioner filed a pro se petition for belated appeal on April 14, 2008, claiming that he was unable to timely appeal the denial of the Rule 3.850 motion because of frequent prison transfers and lack of access to a law library. Resp. Ex. S. The State filed a response, Resp. Ex. T, and Petitioner thereafter filed a reply, Resp. Ex. U. The appellate court, on July 16, 2008, per curiam denied Petitioner's request for a belated appeal "on the merits," but without discussion. DeSue v. State, 986 So.2d 605 (Fla. 1st DCA 2008); Resp. Ex. V.

Since Petitioner had one year from the date his conviction became final to file the federal petition (March 23, 2007), his Petition, filed on May 19, 2009, is due to be dismissed as untimely. Petitioner was given the opportunity to address why the dictates of the one-year limitations period should not be imposed upon him. In his Reply and Petition, he contends that his appellate counsel misadvised him as to the date his judgment and sentence became final for purposes of calculating the two-year time limit for filing a Rule 3.850 motion. See Petition at 6-7; Reply at 1-2. In support of his contention, Petitioner attaches a letter authored by his appellate counsel, dated January 13, 2006,

---

that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").

apparently for the purpose of demonstrating either: (1) that he was misadvised by counsel regarding the date his judgment and sentence became final for purposes of calculating the two-year time limit for filing a Rule 3.850 motion, or (2) that appellate counsel was correct, and the state court erred in denying his Rule 3.850 motion as untimely. See Petition, attached Exhibit C.

The letter states, in pertinent part:

> The supreme court's order denying review was issued on December 23, 2005. December 23, 2005, is the date which commences the two year period within which you may file a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. . . .
>
> There is a one year time limit for filing a petition for habeas corpus in federal court, but that time limit is tolled if your motion for post-conviction relief in state court is filed within the one year federal time period. In other words, *although you have two years to file the motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850, you must file the motion within one year of December 23, 2005, in order to preserve your right to also file a federal habeas petition.*

Id. at 1-2.

Petitioner's exhibit reflects that appellate counsel expressly advised him that, absent tolling, his federal petition must be filed within one year of December 23, 2005.[5] Id. Thus, regardless of whether his Rule 3.850 motion was timely or untimely filed

---

[5] This date does not account for the additional ninety-day period available to Petitioner in which to seek certiorari review in the United States Supreme Court. See Sup. Ct. R. 13.3.

within Florida's two-year time limitation, Petitioner's Rule 3.850 motion was filed well after the expiration of the federal one-year limitations period and thus did not toll the time under AEDPA because "there is no period remaining to be tolled." See Webster, 199 F.3d at 1259.

Petitioner has not shown a justifiable reason why the dictates of the one-year limitations period should not be imposed upon him.[6] For this reason, this Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

If Petitioner seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted. This Court should issue a certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make this substantial showing, Petitioner

---

[6] The United States Supreme Court has established a two-prong test for equitable tolling, stating that a petitioner "must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way' and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007); see Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (stating that equitable tolling "is a remedy that must be used sparingly"); see also Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008) (noting that the Eleventh Circuit "has held that an inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence.") (citation omitted). The burden is on Petitioner to make a showing of extraordinary circumstances that are both beyond his control and unavoidable with diligence, and this high hurdle will not be easily surmounted. Howell v. Crosby, 415 F.3d 1250 (11th Cir. 2005), cert. denied, 546 U.S. 1108 (2006); Wade v. Battle, 379 F.3d 1254, 1265 (11th Cir. 2004) (citations omitted).

"must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Upon consideration of the record as a whole, this Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. Respondents' Motion to Dismiss (Doc. #6) is **GRANTED**.

2. This case is **DISMISSED** with prejudice.

3. The Clerk of the Court shall enter judgment dismissing this case with prejudice.

4. The Clerk of the Court shall close this case.

5. If Petitioner appeals the denial of the Petition, the Court denies a certificate of appealability. Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 10th day of December, 2009.

MARCIA MORALES HOWARD
United States District Judge

sc 11/12

c:

Julian DeSue

Ass't Attorney General (Jordan)